UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-02491-AB (PVCx);<br>2:22-cv-02492-AB (PVCx) | Date: | August 9, 2022 |
|---|---|---|---|

| Title: | *Natalie Guillen v. Vie De France Yamazaki, Inc.* et al.; *Ana Evelin Perez Pineda* et al. *v. Vie De France Yamazaki, Inc.* et al. |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING MOTIONS TO REMAND AND REMANDING TWO ACTIONS TO STATE COURT**

Before the Court are two motions (the "Motions"), involving some of the same defendants and turning on some of the same issues. Moreover, large portions of the parties' papers are identical. For these reasons, the Court addresses both motions by way of a single order.

The first motion is Plaintiff Natalie Guillen's ("Guillen") Motion to Remand Action to State Court ("Guillen Mot."), (22-02491, Dkt. No. 13), and the other is the Motion to Remand Action to State Court ("Pineda Mot."), (22-02492, Dkt. No. 15), filed by Plaintiffs Ana Evelin Perez Pineda ("Pineda"), Hobie Perez, and Jose Osvalldo Perez. Defendant Vie De France Yamazaki, Inc. ("Yamazaki, Inc.") filed an Opposition to the Guillen Motion ("Guillen Opp'n"), (22-02491, Dkt. No. 26), and Guillen filed a Reply, (22-02491, Dkt. No. 32). Yamazaki, Inc. also filed an Opposition to the Pineda Motion ("Pineda Opp'n"), (22-02492, Dkt. No. 31), and Pineda filed a Reply, (22-02492, Dkt. No. 37). The Court deemed these matters fit

for decision without oral argument and therefore took them under submission on July 5, 2022. (22-02491, Dkt. No. 40; 22-02492, Dkt. No. 39).

For the following reasons, the Court now **GRANTS** the Motions and **REMANDS** both actions to state court.

## I.  BACKGROUND

These actions involve some similar factual allegations. In both, an employee of Vie de France Yamazaki's plant in Vernon, California contracted COVID-19 after the plant manager, Raymond Rodriguez ("Rodriguez"), denied requests for disability accommodation and held several large, in-person meetings where social distancing was not possible. (Guillen Mot. at 7–8; Pineda Mot. at 6–7). Moreover, these employees allegedly have experienced and continue to experience long-term symptoms of COVID-19. (Guillen Mot. at 6; Pineda Mot. at 5). Though there are differences in some of the other factual allegations, the Court can resolve the instant Motions without reference to those allegations.

Both actions were originally filed by the plaintiffs in Los Angeles Superior Court and were removed to this Court by Yamazaki, Inc., on the basis of diversity jurisdiction (22-02491, Dkt. No. 1; 22-02492, Dkt. No. 1). About a month after removal, Guillen and Pineda filed the instant Motions, arguing, in part, that these actions should be remanded because Rodriguez is an in-forum defendant whose presence in these actions destroys complete diversity.

## II.  LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## III.   DISCUSSION

### a.   Local Rule 7-3

In its papers, Yamazaki, Inc. argues that the Motions should be denied because of Plaintiff's failure to comply with Local Rule 7-3. (Guillen Opp'n at 7–8; Pineda Opp'n at 7–8). According to L.R. 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. If the parties determine that a motion and hearing are necessary, counsel for the moving party is to indicate, in its papers, the date on which the requisite conference of counsel took place. *See id.* A district court has discretion to deny a motion that fails to comply with the Local Rules. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining a "district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.")

Yamazaki, Inc. is correct to note that counsel for the plaintiffs in these cases did not comply with L.R. 7-3. However, before Yamazaki, Inc. opposed the Motions, counsel for the plaintiffs filed declarations on both dockets, acknowledging this failure. (22-02491, Dkt. No. 16; 22-02492, Dkt. No. 21). As this Court has previously held, failure to comply with L.R. 7-3 is sufficient cause to deny these Motions. *See Plotkin v. Swift Transportation Company*, No. CV 21-05872, 2021 WL 4197337, at *2 (C.D. Cal. Sept. 15, 2021). Nevertheless, given counsel's acknowledgment, the Court elects to reach the merits of these Motions.

//
//
//

### b. Snap Removal

In its Notices of Removal ("Notices"), Yamazaki, Inc. claimed that the Court had diversity jurisdiction over the actions under 28 U.S.C. §1332(a) and that removal was proper under 28 U.S.C. §1441(a). (22-02491, Dkt. No. 1, ¶ 13; 22-02492, Dkt. No. 1, ¶ 13). 28 U.S.C. §1441(a) states that a civil action brought in a state court may be removed by a defendant to a federal court if that federal court has original jurisdiction over the action. Moreover, 28 U.S.C. §1332(a) states that federal district courts generally have original jurisdiction over civil actions between citizens of different states, in which the amount-in-controversy exceeds $75,000.

In its Notices, Yamazaki, Inc. acknowledged that Rodriguez, one of the defendants in this case, is "presumptively a citizen of California." (22-02491, Dkt. No. 1, ¶ 20; 22-02492, Dkt. No. 1, ¶ 20). Even though the plaintiffs in these actions are also citizens of California, Yamazaki, Inc. argued that it was still appropriate to regard these actions as occurring "between citizens of different states," based on its interpretation of 28 U.S.C. §1441(b)(2). (22-02491, Dkt. No. 1, ¶¶ 23–27; 22-02492, Dkt. No. 1, ¶¶ 23–27).

28 U.S.C. §1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. §1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Since Rodriguez had not yet been served at the time of removal, Yamazaki, Inc. argued that there was complete diversity in the case at the time of removal and that removal was therefore proper. (22-02491, Dkt. No. 1, ¶¶ 23–27; 22-02492, Dkt. No. 1, ¶¶ 23–27).[1]

The Court agrees. Yamazaki, Inc.'s "snap removal" of this case (i.e., its removal of the case before any in-forum defendants had been served) was proper, given the language of 28 U.S.C. §1441(b)(2). This Court has previously acknowledged that removal is proper in such circumstances, since "neither the Supreme Court nor the Ninth Circuit has addressed [the] issue of pre-service removal," and since "the plain language interpretation of [28 U.S.C §1441(b)(2)] . . . requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's

---

[1] Note that both actions also involve an in-forum defendant named Eduardo Diaz. However, the Court limits its discussion to Rodriguez for the sake of efficiency, since the Motions can be resolved with reference to Rodriguez alone.

jurisdiction." *See Dechow v. Gilead Sciences, Inc.*, 358 F. Sup..3d 1051, 1055 (C.D. Cal 2019).[2]

Although these actions were properly removed to federal court, that does not necessarily mean that it is proper for them to *remain* in federal court. On July 8, 2022, the plaintiffs in both actions filed waivers of service for Rodriguez. (22-02491, Dkt. No. 41; 22-02492, Dkt. No. 40). Therefore, the Court is to operate "as if a summons and complaint [were] served at the time [the plaintiff filed] the waiver." Fed. R. Civ. P. 4(d)(4). Therefore, since Rodriguez has now been properly served, and since Rodriguez, like the plaintiffs in these actions, is a citizen of California, it would appear that there is no longer complete diversity between the parties in these actions.

### c. Fraudulent Joinder

Given the above, the only remaining argument for jurisdiction under 28 U.S.C. §1332(a) is that complete diversity still exists between the parties because Rodriguez is only a party to these actions as a result of fraudulent joinder. Yamazaki, Inc. makes this argument in its papers.

"There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional fact, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks omitted) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). However, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up). This is because a mere possibility "that a state court would find the complaint states a cause of action against any of the resident defendants" is sufficient to justify remand. *See id.* (quoting *Hunter*, 582 F.3d at 1046).

//
//

---

[2] Although another Court in the Central District has recently taken a different view of 28 U.S.C §1441(b)(2), *see Ross v. United Airlines, Inc.*, 2:22-cv-01532-SB-GJS, 2022 WL 1302680 at *2–3 (C.D. Cal. April 30, 2022), this Court will adhere to its prior interpretation until either the Ninth Circuit or the Supreme Court address this question definitively.

The question before the Court, then, is whether the plaintiffs in these actions have met the very low threshold of "possibility," in stating causes of action against Rodriguez in their complaints. The Court holds that they have.

Concerning the First Amended Complaint brought by Guillen, Yamazaki, Inc. argues that Guillen cannot possibly establish liability for the sole cause of action against Rodriguez, namely the twelfth cause of action for negligent infliction of emotional distress. (22-02491, Dkt. No. 1, ¶ 28). Yamazaki, Inc. argues that Rodriguez is a sham defendant because under applicable sections of California's Labor Code, "workers' compensation is 'the sole and exclusive remedy' for an employee in an action against the employer," and "Plaintiff's claim for negligent infliction of emotional distress can [therefore] only be brought before the Workers Compensation Appeals Board," (and not in a state or federal court). (*Id.*, ¶¶ 31–32, 35).

Guillen disagrees. She begins by drawing attention to two of her factual allegations: (i) that she had a disability, and (ii) that Rodriguez refused to accommodate her disability. (Guillen Mot. at 15). She then argues that Rodriguez's alleged refusal to accommodate her disability was unlawful under the Fair Employment and Housing Act ("FEHA") and that this placed Rodriguez's alleged behavior "outside the compensation bargain that gives rise to the [workers' compensation] exclusivity rule." (*Id.*). In support of this claim, Guillen cites *Light v. Dep't of Parks & Recreation*, 14 Cal.App.5th 75 (2017), in which the California Court of Appeal permitted a plaintiff to pursue a tort claim "in the employment context," since the allegedly tortious conduct would also, if it occurred as alleged, constitute a FEHA violation. *Id.* at 101. The *Light* court drew this conclusion because it was "unwilling to abandon the long-standing view that unlawful discrimination . . . in violation of FEHA falls outside the compensation bargain and therefore [that a tort claim] based on such discrimination . . . [is] not subject to workers' compensation exclusivity." *Id.*

The twelfth cause of action in Guillen's First Amended Complaint is a tort claim, and it is based on factual allegations that, if they occurred as alleged, could constitute a FEHA violation. In the Court's judgment, this is sufficient to get Guillen's twelfth cause of action over the "possibility" threshold articulated by the Ninth Circuit in *Grancare*. Though it is not *certain*, it is *possible* that Rodriguez's alleged refusal to accommodate Guillen's disability was unlawful under FEHA. It is therefore *possible* that this behavior is not subject to the worker's compensation exclusivity rule. In other words, it is *possible* that Guillen has stated a cause of

action against Rodriguez. Therefore, Yamazaki, Inc. is unable to establish fraudulent joinder with respect to Rodriguez.

Since Rodriguez is a resident of California, Yamazaki, Inc. is unable to demonstrate that complete diversity obtains among the parties in the Guillen action. For this reason, the Guillen action must be remanded to state court. Moreover, since the very same reasoning holds for the Pineda action, in which Rodriguez is a defendant and is alleged to have acted in the same ways, the Pineda action must also be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motions and **REMANDS** both actions to state court. Both cases are now **CLOSED**.

**IT IS SO ORDERED**.